1  JENNIFER KELLY (CSB No. 193416)
   jennifer@tyzlaw.com
2  RYAN TYZ (CSB No. 234895)
   ryan@tyzlaw.com
3  SEAN APPLE (CSB No. 305692)
   sapple@tyzlaw.com
4  TYZ LAW GROUP PC
   4 Embarcadero Center, 14th Floor
5  San Francisco, CA 94111
   Telephone: 415.868.6900
6
7  Attorneys for Plaintiff Christopher Boomer

8              **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**

10              **SAN FRANCISCO DIVISION**

11

12  Christopher Boomer, an individual,        Case No: 3:22-cv-02133-SK

13                  Plaintiff,                 **PLAINTIFF'S NOTICE OF MOTION
                                               AND MOTION TO SERVE
14          v.                                 DEFENDANT VIA ALTERNATIVE
                                               MEANS**
15  Gamebox Unipessoal LDA, a Portuguese
    company,                                   Date:            August 8, 2022
16                                             Time:            9:30 am
                    Defendant.                 Judge:           Hon. Sallie Kim
17                                             Courtroom:       C, 15th Floor

18                                             Complaint Filed:  April 4, 2022

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on August 8, 2022, at 9:30 am or as soon thereafter as counsel may be heard in the courtroom of the Honorable Sallie Kim, Courtroom C on the 15th floor of the San Francisco Courthouse located at 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff Christopher Boomer will and hereby does move under to Civil Local Rule 7-2 for leave to serve Defendant Gamebox Unipessoal LDA via alternative means under Federal Rule of Civil Procedure 4(f)(2)(C)(ii) and (f)(3).

This Motion rests on the Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declarations of Sean Apple and Megan Kerr and Exhibits thereto, other previously filed documents in this action, the Court's files, the arguments of counsel, and any other matter that the Court may properly consider.

## ISSUE TO BE DECIDED

Whether Plaintiff may serve Defendant by email or, alternatively, whether the Defendant may be served by mail by Plaintiff or the clerk.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

On April 4, 2022, Plaintiff Christopher Boomer filed this action for copyright infringement in response to a Digital Millennium Copyright Act ("DMCA") counter notification from Defendant.  In that counter notification, Defendant agreed—as required by the DMCA—to accept service of any lawsuit related to the alleged infringement filed here in the Northern District of California.  On April 12, 2022, Mr. Boomer's counsel emailed Defendant and attached a notice of this lawsuit, a request to waive service of summons, a waiver of the service of summons to be signed and returned, and copies of the Summons, Complaint, and other relevant documents in this action.  On May 24, 2022, Mr. Boomer's counsel sent Defendant courtesy paper copies of these documents by Federal Express, including 2 copies of the waiver of service of summons form, and a prepaid return envelope.  These courtesy paper copies were delivered to Defendant on May 27.  Defendant has not responded even though its deadline to waive service was June 13, 2022.  So that this case can move forward without further delay, Mr. Boomer now seeks the Court's permission to serve Defendant by email at the email address provided in its DMCA counter-notification: eurogamescc@gmail.com, or, alternatively, by mail at Rua 6 de Novembro 45 B-A, Porto, Portugal.

## II.    BACKGROUND

Mr. Boomer is a game developer who creates video games distributed through an online game platform provided by Roblox.  Compl. ¶ 8.  He has been creating and hosting games on the Roblox Platform since 2017 and is ranked as one of Roblox's top 100 developers.  *Id.*  Mr. Boomer is the author of a game on the Roblox Platform titled *Weight Lifting Simulator*.  *Id.* ¶ 9.  Mr. Boomer holds U.S. copyright registrations for two versions of *Weight Lifting Simulator*.  *Id.* ¶ 10.

Defendant published an infringing game, also called *Weight Lifting Simulator*, to the Roblox Platform.  *Id.* ¶ 11.  Counsel for Mr. Boomer submitted a DMCA takedown notice to Roblox for Defendant's game.  Kerr Decl. ¶ 2.  Roblox sent a counternotice from Defendant that included Defendant's contact information on March 22, 2022.  Kerr Decl. ¶ 3 and Ex. 1.

Though its counternotice, Defendant "consent[ed] to the jurisdiction of the United States

1   federal district court for the Northern District of California" and represented that it would "accept
2   service of process" from Mr. Boomer or his agent.  Kerr Decl., Ex. 1.  Defendant also gave its
3   contact information, including its email address, eurogamescc@gmail.com and its address, Rua
4   6 de Novembro 45 B-A, Porto, Portugal.  *Id.*  On April 4, 2022 and in response to this
5   counternotice, Plaintiff Christopher Boomer filed this action.  *See* Compl.

6          On April 12, 2022, Mr. Boomer's counsel emailed Defendant at the email address it gave
7   in its counternotice.  Apple Decl. ¶ 2 and Ex. 1.  That email included a notice of this lawsuit, a
8   request to waive service of summons no later than June 13, 2022, a waiver of the service of
9   summons to be signed and returned, and copies of the Summons, Complaint, and other relevant
10  documents in this action.  *Id.*  Mr. Boomer's counsel did not receive any notification or other
11  indication that the email was not delivered to Defendant.  *Id.* ¶ 2.  On May 24, 2022, Mr. Boomer's
12  counsel followed up by sending Defendant courtesy paper copies of these documents by Federal
13  Express, including 2 copies of the waiver of service of summons form, and a prepaid return
14  envelope.  *Id.* ¶ 3 and Ex. 2.  These courtesy paper copies were delivered to Defendant on May
15  27.  *Id.* ¶ 4 and Ex. 3.  Defendant has not responded or otherwise communicated with Mr.
16  Boomer's counsel.  *Id.* ¶ 5.

17  **III.    ALTERNATIVE SERVICE IS APPROPRIATE**

18         The federal rules governing service in foreign countries permits service "by other means
19  not prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f)(3).  Service
20  under Rule 4(f)(3) requires a plaintiff to show that (1) service is not prohibited by international
21  agreement, and (2) the method of service is "reasonably calculated, under all the circumstances,
22  to apprise interested parties of the pendency of the action and afford them an opportunity to
23  present their objections."  *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014, 1016–
24  17 (9th Cir. 2002).  "Service of process under Rule 4(f)(3) is neither a 'last resort' nor
25  'extraordinary relief.'  It is merely one means among several which enable service of process on
26  an international defendant."  *Id.* at 1015 (internal citation omitted).  A plaintiff need not show that
27  it has unsuccessfully attempted service by other methods before alternative service can be
28  approved under Rule 4(f)(3).  *Id.* at 1016 (rejecting argument that party must "attempt[] service

by all feasible alternatives" before requesting alternative service methods, including email, under Rule 4(f)(3).  The federal rules also allow service in a foreign country by mail sent by the clerk of the Court so long as such service is not prohibited by the laws of that country.  Fed. R. Civ. P. 4(f)(2)(C)(ii).

Courts routinely permit service by alternative means on international defendants under Rule 4(f)(3), including by mail and email.  *See, e.g.*, *Epic Games, Inc. v. Mendes*, No. 17-cv-06223-LB, 2018 U.S. Dist. LEXIS 14954, at *9 (N.D. Cal. Jan. 29, 2018) (allowing email service); *Huawei Techs. USA, Inc. v. Oliveira*, No. 4:19-cv-229-ALM-KPJ, 2019 U.S. Dist. LEXIS 120533, at *4–7 (E.D. Tex. July 19, 2019) (allowing both mail and email service). Permitting service by alternative means is appropriate when, as here, Defendant refuses to waive service and service under the Hague Convention would pose a lengthy delay.  *See !important Safety Techs. United States v. Vizible Zone*, No. 20-cv-08305-CRB, 2021 U.S. Dist. LEXIS 194409, at *6 (N.D. Cal. Mar. 15, 2021) (holding that such circumstances "necessitate the Court's intervention" and granting motion to allow service by alternative means).

Rule 4(f)(3) permits email service because there is no international agreement with Portugal that prohibits email service.  Plaintiff's counsel is unaware of any such agreement.  *Id.* ¶ 6.  Although Portugal is a signatory to the Hague Service Convention, the Hague Convention does not prohibit email service.  Other courts have held that Portugal does not prohibit service by email.  *See, e.g.*, *Huawei Techs.*, 2019 U.S. Dist. LEXIS 120533, at *6 ("Portugal does not prohibit service by email.") (citing *Popular Enters., LLC v. Webcom Media Grp., Inc.*, 225 F.R.D. 560, 562–63 (E.D. Tenn. 2004)).

Rules 4(f)(2)(C)(ii) and 4(f)(3) also permit service by mail.  This is because "Portugal's law does not prohibit service by mail." *Huawei Techs.*, 2019 U.S. Dist. LEXIS 120533, at *5 (citing *Hale v. Evidencia Display*, No. SACV 15-0538 DOC(RNBx), 2015 U.S. Dist. LEXIS 101297, at *6 (C.D. Cal. Aug. 3, 2015); *see* Apple Decl, Ex. 5 (U.S. Department of State stating that Portugal allows service of process by mail).  Nor did Portugal object to Article 10(a) of the Hague Service Convention which authorizes service of process through alternative means such as "postal channels."  *See* Convention on the Service Abroad of Judicial and Extrajudicial

Documents in Civil or Commercial Matters art. 10(a), November 15, 1965, 20 U.S.T. 361 ("Provided the State of destination does not object, the present Convention shall not interfere with . . . the freedom to send judicial documents, by postal channels, directly to persons abroad."); *Huawei Techs.*, 2019 U.S. Dist. LEXIS 120533, at *5 ("Portugal has not objected to service by mail."); Apple Decl, Ex. 4 (website for the Hague Conference on Private International Law stating that Portugal did not object to Article 10(a)), Ex. 5 (U.S. Department of State information stating that Portugal did not object to Article 10(a)).

Finally, service by email or mail is reasonably calculated to provide actual notice to Defendant.  To satisfy this requirement, the method of service must comport with due process, meaning it must be "reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *See Rio Props.*, 284 F.3d at 1016–17.  "Where, as here, a defendant has submitted a DMCA counter-notice that lists his or her email address and that expressly states that he or she 'will accept service of process,' courts have allowed plaintiffs to serve the summons and complaint on that email and have held that such service comports with due process." *Epic Games, Inc. v. Mendes*, No. 17-cv-06223-LB, 2018 U.S. Dist. LEXIS 14954, at *7 (N.D. Cal. Jan. 29, 2018); *see also*, *Nintendo of Am., Inc. v. Le Hoang Minh*, No. 2:20-cv-01707-RSM-JRC, 2021 U.S. Dist. LEXIS 1274, at *4 (W.D. Wash. Jan. 5, 2021) (allowing service to email address provided in a DMCA counternotification); Kerr Decl., Ex. 1 (counternotification where Defendant stated it would accept service of process).

## IV.   **CONCLUSION**

For the reasons above, Plaintiff requests that this Court allow Plaintiff to serve Defendant by email at the email address provided in its DMCA counter-notification: eurogamescc@gmail.com.  Alternatively, Plaintiff requests that the Court order the clerk to serve Defendant by mail addressed to Rua 6 de Novembro 45 B-A, Porto, Portugal with signed receipt required or allow Plaintiff to serve Defendant by mail at that address.

/ / /

/ / /

Dated: June 29, 2022

Respectfully submitted,

 /s/Sean Apple
Sean Apple

Attorneys for Plaintiff
Christopher Boomer