1   JENNIFER KELLY (CSB No. 193416)
    jennifer@tyzlaw.com
2   RYAN TYZ (CSB No. 234895)
    ryan@tyzlaw.com
3   CIARA MCHALE (CSB No. 293308)
    ciara@tyzlaw.com
4   SEAN APPLE (CSB No. 305692)
    sapple@tyzlaw.com
5   TYZ LAW GROUP PC
    4 Embarcadero Center, 14th Floor
6   San Francisco, CA 94111
    Telephone: 415.868.6900
7
    Attorneys for Plaintiff
8   Christopher Boomer

9
10                  **UNITED STATES DISTRICT COURT**

11                **NORTHERN DISTRICT OF CALIFORNIA**

                       **SAN FRANCISCO DIVISION**
12

13   CHRISTOPHER BOOMER,                Case No: 3:22-cv-02133-SK

14              Plaintiff,              **PLAINTIFF'S NOTICE OF MOTION
                                        AND MOTION FOR DEFAULT
15        v.                            JUDGMENT**

16   GAMEBOX UNIPESSOAL LDA,            Date:        March 6, 2023
                                        Time:        9:30 am
17              Defendant.              Judge:       Hon. Sallie Kim
                                        Courtroom:   C (15th Floor)
18

19                                      Complaint Filed:    April 4, 2022

20                                      **PUBLIC REDACTED VERSION**

21
22
23
24
25
26
27
28

## <u>TABLE OF CONTENTS</u>

Page

I.   FACTUAL BACKGROUND ............................................................................. 2

    A.   Mr. Boomer's *Weight Lifting Simulator* Game ...................................... 2

    B.   Defendant's Infringing *Weight Lifting Simulator* Game ...................... 2

    C.   Mr. Boomer's DMCA Notice and Defendant's Counternotice ........................... 6

    D.   Defendant Failed to Respond to This Lawsuit ....................................... 7

    E.   Defendant's Unjust Enrichment ........................................................... 7

II.  THE COURT SHOULD ENTER DEFAULT JUDGMENT AGAINST
DEFENDANT ................................................................................................. 8

    A.   All Prerequisites to Granting Default Judgment Have Been Met ......................... 8

    B.   The Court Has Jurisdiction to Enter Default Judgment ........................... 8

    C.   The *Eitel* Factors Strongly Favor Entry of a Default Judgment ................... 8

        i.    Factor 1:  Mr. Boomer Would Be Prejudiced Without a Default ............ 9

        ii.   Factors 2 & 3:  Mr. Boomer's Claims Are Meritorious as Set Forth
in the Complaint ........................................................................... 9

        iii.  Factor 4: The Damages Mr. Boomer Seeks are Reasonable in
Relation to Defendant's Infringing Conduct............................... 10

        iv.   The Remaining *Eitel* Factors Weigh in Favor of Default ..................... 11

    D.   Mr. Boomer is Entitled to an Award of Defendant's Profits and Post-
Judgment Interest ........................................................................... 11

    E.   Mr. Boomer is Entitled to a Permanent Injunction ........................... 12

        i.    Mr. Boomer Has Suffered Irreparable Injury for which There is No
Adequate Remedy of Law ....................................................... 12

        ii.   The Balance of Hardships Tips in Mr. Boomer's Favor....................... 13

        iii.  A Permanent Injunction Serves the Public Interest ................................ 14

III. CONCLUSION................................................................................................. 14

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Apple, Inc. v. Psystar Corp.*
    673 F. Supp. 2d 943 (N.D. Cal. 2009) ........................................................... 12

*Bestway Inflatables & Material Corp. v. Doe*,
    No. 21-CV-05119-PJH, 2022 WL 118413 (N.D. Cal. Jan. 12, 2022) ........................... 10

*Bittorrent, Inc. v. Bittorrent Mktg. GMBH*
    No. 12-CV-02525-BLF, 2014 WL 5773197 (N.D. Cal. Nov. 5, 2014) ......................... 11

*Breakdown Servs., Ltd. v. Spero Stamboulis*,
    No. CV0908677SJOFFMX, 2010 WL 11596649 (C.D. Cal. Oct. 4, 2010) ................. 11

*Cadence Design Sys., Inc. v. Pounce Consulting, Inc.*,
    No. 17-CV-04732-PJH (SK), 2019 WL 1768619 (N.D. Cal. Apr. 1, 2019), *report
    and recommendation adopted*, No. 17-CV-04732-PJH, 2019 WL 1767332 (N.D.
    Cal. Apr. 22, 2019) ................................................................................ 10, 11, 14

*Columbia Pictures Indus., Inc. v. Galindo*,
    No. 20-CV-03129-MEMF-GJSX, 2022 WL 17094713 (C.D. Cal. Nov. 18, 2022) ...... 12

*eBay, Inc. v. MercExchange, LLC*
    547 U.S. 388 (2006) .................................................................................. 12

*Eitel v. McCool*,
    782 F.2d 1470 (9th Cir. 1986) ................................................................ 8, 9, 10, 11

*Facebook, Inc. v. Grunin*
    77 F. Supp. 3d 965 (N.D. Cal. 2015) ............................................................ 9

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*
    499 U.S. 340 (1991) ................................................................................... 9

*Levi Strauss & Co. v. Neverland Online Pty Ltd*
    2020 WL 6931065 (N.D. Cal. June 8, 2020) .................................................... 13

*Lions Gate Films Inc. v. Saleh*
    No. 214CV06033ODWAGR, 2016 WL 6822748 (C.D. Cal. Mar. 24, 2016) ... 12, 13, 14

*Minx Int'l, Inc. v. Rue 21 Inc.*,
    No. 215CV05645CASPLAX, 2017 WL 2961546 (C.D. Cal. July 10, 2017) .............. 10

*Moonbug Entm't Limited et al v. HappyKidsTV et al*,
    No. 22-CV-03203-TLT, Dkt. No. 39 (N.D. Cal. Dec. 15, 2022) .............. 9, 12, 13, 14

*Nolan v. Calello*,
    No. 2:21-CV-00981-AB-RAO, 2021 WL 4621945 (C.D. Cal. July 8, 2021) ............... 10

*Paramount Pictures Corp. et al. v. Does*,
    No. 2:21-CV-09317-MCS-SK, 2022 WL 18357778 (C.D. Cal. Dec. 9, 2022) .............. 10

*PepsiCo, Inc. v. California Sec. Cans*
    238 F. Supp. 2d 1172 (C.D. Cal. 2002) ................................................................ 8, 11

*Sennheiser Elec. Corp. v. Eichler*
    2013 WL 3811775 (C.D. Cal. July 19, 2013) ............................................................ 13

*Warner Bros. Home Entm't Inc. v. Jimenez*
    No. CV 12-9160 FMO JEMX, 2013 WL 3397672 (C.D. Cal. July 8, 2013) ................ 13

*Yelp Inc. v. Catron*
    70 F. Supp. 3d 1082 (N.D. Cal. 2014) .......................................................................... 9

**STATUTES**

17 U.S.C. § 501(b) ........................................................................................................... 8

17 U.S.C. § 502(a) ......................................................................................................... 14

17 U.S.C. § 504(b) .................................................................................................... 11, 13

28 U.S.C. § 1331 .............................................................................................................. 8

28 U.S.C. § 1338(a) ......................................................................................................... 8

28 U.S.C. § 1961(a) ....................................................................................................... 13

**RULES**

Fed. R. Civ. P. 12(a)(1)(A)(i) ........................................................................................... 7

Fed.R.Civ.P. 55 .......................................................................................................... 8, 12

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on March 6, 2023, at 9:30 am or as soon thereafter as counsel may be heard in the courtroom of the Honorable Sallie Kim, Courtroom C on the 15th floor of the San Francisco Courthouse located at 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff Christopher Boomer will and hereby does move for default judgment under Federal Rule of Civil Procedure 55(b) against Defendant Gamebox Unipessoal LDA.

Because Defendant has failed to appear and defend this action, Plaintiff is entitled to a judgment on liability and to monetary and equitable relief against Defendant on his claim for copyright infringement pleaded in the Complaint.  This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Ciara McHale in Support of the Motion and attached exhibits, the records and files, and any other matter the Court may consider.

### MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Christopher Boomer filed this action to end Defendant Gamebox Unipessoal LDA's slavish copying and infringement of Mr. Boomer's game, *Weight Lifting Simulator*. After being properly served, Defendant failed to appear. The Court entered default, and Mr. Boomer now files this motion for default judgment asking the Court to award Mr. Boomer damages in the form of Defendant's profits attributable to its infringement and enter a permanent injunction affording Mr. Boomer protection against Defendant's infringement.

### I.   FACTUAL BACKGROUND

#### A.   Mr. Boomer's *Weight Lifting Simulator* Game

Mr. Boomer is a game developer who creates video games distributed via an online game platform provided by Roblox. Dkt. No. 1 ("Compl.") ¶ 8. He has been creating and hosting games on the Roblox Platform since 2017 and is ranked as one of Roblox's top 100 developers. *Id.* Mr. Boomer is the author of a game titled *Weight Lifting Simulator*, which he released on the Roblox Platform in 2017 and updated in 2018. *Id.* ¶ 9. Mr. Boomer holds U.S. copyright registrations for two versions of *Weight Lifting Simulator*. *Id.* ¶¶ 10, 24 (U.S. Copyright Reg. Nos. TX0009098098 and TX0009098172). Mr. Boomer's *Weight Lifting Simulator* is an original and creative expressive work. *Id.* ¶ 24.

#### B.   Defendant's Infringing *Weight Lifting Simulator* Game

In 2021, Defendant published a game, also called *Weight Lifting Simulator*, on the Roblox platform. *Id.* ¶ 11. Defendant had access to Mr. Boomer's *Weight Lifting Simulator* through the Roblox platform prior to developing its infringing game. *Id.* ¶¶ 12, 25. Defendant's *Weight Lifting Simulator* infringes Mr. Boomer's copyrights because it copied substantial original elements of *Weight Lifting Simulator* that Mr. Boomer created, including its artwork, design aesthetics, layouts, level designs, user interfaces, and the selection and coordination of game elements, colors, and shapes. *Id.* ¶¶ 11, 14, 26–27. Copyright protects such expression in video games. *Id.* ¶ 14.

| *Weight Lifting Simulator (Mr. Boomer)* | *Weight Lifting Simulator (Defendant)* |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

| *Weight Lifting Simulator (Mr. Boomer)* | *Weight Lifting Simulator (Defendant)* |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24



As shown above, Defendant did not take merely the basic idea of Mr. Boomer's game, elements dictated by genre, or game mechanics. Compl. ¶¶ 14–15. Rather, Defendant appropriated the very creative elements that Mr. Boomer developed. *Id.* Mr. Boomer carefully developed, selected, and coordinated colors, shapes, animations, level design, art, layouts, and design

aesthetics to create a unique and engaging experience.  *Id.*  Examples of substantially similar elements in Defendant's game includes menus (*e.g.*, the visual or textual contents, layout, and/or design of the crates menu, pet menu, rebirth menu, leaderboards, and left-hand menu), in-game objects (*e.g.*, the look and feel of and animations for in-game treadmills, bench presses, dumbbells), level design (*e.g.*, a gray-tiled central starting zone surrounded by tropical beaches and dotted with palm trees with a large statue of a well-muscled man in the middle and colorful leaderboards positioned in front of the statute), in-game signs (*e.g.*, brown signs shaped as arrows with text displayed using a similar font and coloration), and level names (*e.g.*, "Sky Gym" and "Big Boy Beach").  *Id.* ¶¶ 14–19.  17.  Defendant could have developed any number of different and original games based on the same ideas as Mr. Boomer's game, as there are countless possible configurations of levels and asset art.  *Id.* ¶ 17.  Instead, Defendant slavishly copied the creative, original combinations of elements that Mr. Boomer selected to create a unique and engaging game experience.  *Id.* ¶ 17.  The similarities between the games are not coincidental, especially when viewed in the aggregate and in the context of the entire effect the games have on the player.  *Id.* ¶ 18.  Nor are the similarities described above merely the result of two games existing in the same genre.  *Id.*  They result from willful infringement by Defendant to poach the market for Mr. Boomer's game.  *Id.*  Defendant's development and publication of its *Weight Lifting Simulator* game thus constitutes willful unauthorized copying, public display, and distribution in violation of Mr. Boomer's copyrights.  *Id.* ¶ 28.

### C.   Mr. Boomer's DMCA Notice and Defendant's Counternotice

On December 23, 2020, Mr. Boomer submitted a Digital Millennium Copyright Act notice to Roblox showing that Defendant's game is an unauthorized clone of Mr. Boomer's game and that Defendant infringes his copyrights.  *Id.* ¶ 21.  Defendant submitted a DMCA counternotice in which it consented in writing to the jurisdiction of this Court.  *Id.* ¶ 5; Dkt. No. 14-1.  Defendant also gave its contact information in its counternotice, including its email address, eurogamescc@gmail.com, and its address, Rua 6 de Novembro 45 B-A, Porto, Portugal.  Dkt. No. 14-1.

### D.    Defendant Failed to Respond to This Lawsuit

On April 4, 2022, Mr. Boomer filed this action for copyright infringement against Defendant.  *See* Compl.  On April 12, 2022, Mr. Boomer's counsel emailed a notice of this lawsuit, a request to waive service of summons no later than June 13, 2022, a waiver of the service of summons to be signed and returned, and copies of the Summons, Complaint, and other relevant documents in this action to Defendant at the email address it gave in its counternotice.  Dkt. No. 13 ¶ 2; Dkt. No. 13-1.  On May 24, 2022, Mr. Boomer's counsel sent a courtesy copy of the same materials to Defendant at the postal address Defendant gave in its DMCA counternotice, which included two hardcopies of the waiver of the service of summons form and a prepaid return envelope.  Dkt. No. 13 ¶ 3; Dkt. No. 13-2.  These materials were successfully delivered to Defendant on May 27.  Dkt. No. 13 ¶ 4; Dkt. No. 13-3.  But Defendant has not appeared in this lawsuit or given any indication it intends to do so.  Declaration of Ciara McHale in Support of Plaintiff's Motion for Default Judgment ("McHale Decl.") ¶ 2.

On July 22, 2022, this Court allowed Mr. Boomer to serve the complaint and summons on Defendant by mail and email.  Dkt. No. 17.  Mr. Boomer served Defendant by mail and email that day.  Dkt. No. 18.  Under Federal Rule of Civil Procedure 12(a)(1)(A)(i), Defendant needed to answer or otherwise respond to the Complaint by August 12, 2022 and did not do so.  The clerk entered default against Defendant on August 19, 2022.  Dkt. No. 22.

### E.    Defendant's Unjust Enrichment

On September 16, 2022, Mr. Boomer requested an order allowing him to conduct post-default discovery to prepare his motion for default judgment by serving a subpoena on Roblox to determine revenues of the Defendant that are attributable to its infringement.  Dkt. No. 23.  The Court granted Mr. Boomer's request.  Dkt. No. 24.  On September 26, 2022, Mr. Boomer served a subpoena on Roblox requesting, *inter alia*, documents sufficient to show revenues attributable to Defendant's infringing game.  McHale Decl. Ex. 1.  Roblox produced responsive documents showing that the infringing game earned ███████ Robux.  *Id.* Ex. 2.  Robux is a virtual currency that can be exchanged for U.S. dollars at a rate of .0035 U.S. dollar per Robux.  *See id.* Ex.3.  Thus, the infringing game has resulted in unjust enrichment revenues of ██████ .  *See*

*id.* Exs. 2–3; ¶ 6. Attached with this motion is a Certificate of Authenticity from the Custodian of Records for Roblox verifying that the documents produced by Roblox are true and correct business records responsive Mr. Boomer's subpoena. *Id.* Ex. 4.

## II.   THE COURT SHOULD ENTER DEFAULT JUDGMENT AGAINST DEFENDANT

### A.   All Prerequisites to Granting Default Judgment Have Been Met

Nothing prevents this Court from entering default judgment against Defendant. Mr. Boomer served Defendant with copies of the complaint and summons, and, after Mr. Boomer failed to timely respond to the Complaint, the Court entered its default at Mr. Boomer's request. *See* Dkt. Nos. 18, 20–22. Mr. Boomer is unaware of any evidence suggesting that the foreign corporate Defendant is a minor, incompetent, or in the military. *See* Fed. R. Civ. P. 55(b). Thus, all prerequisites for the Court to enter a default judgment have been satisfied.

### B.   The Court Has Jurisdiction to Enter Default Judgment

The Court has subject matter jurisdiction because Mr. Boomer's claim arises under the Copyright Act. *See* 28 U.S.C. §§ 1331, 1338(a); 17 U.S.C. § 501(b). The Court has already held that it has personal jurisdiction over Defendant because Defendant consented in writing to the jurisdiction of this Court in a DMCA counternotice. Dkt. No. 17 (Order Granting Mot. for Alternative Service) at 2.

### C.   The *Eitel* Factors Strongly Favor Entry of a Default Judgment

In considering whether to enter default judgment, this Court considers (1) the possibility of prejudice to Mr. Boomer should such a judgment not be entered; (2) the merits of Mr. Boomer's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute over the material facts; (6) whether the defaults were due to excusable neglect; and (7) the strong policy encouraging decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999). At least one court in this district recently entered default judgment and permanent injunction in a copyright infringement case. *Moonbug Entm't Limited et al v. HappyKidsTV et*

*al*, No. 22-CV-03203-TLT, Dkt. 39 (N.D. Cal. Dec. 15, 2022) (attached as McHale Decl. Ex. 5).

i.   <u>Factor 1:  Mr. Boomer Would Be Prejudiced Without a Default</u>

Here, the *Eitel* factors strongly favor entry of default judgment. Mr. Boomer would suffer prejudice "if the [C]ourt does not enter default judgment because [he] would be left without recourse to recover for the harm already inflicted by [Defendant] and to prevent future infringement" of his valuable copyrights. *See Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1094 (N.D. Cal. 2014); *Moonbug Ent'mt Limited*,  No. 22-CV-03203-TLT, Dkt. No. 39 at 10; *see also, e.g.*, Compl. ¶¶ 20, 30-32 (alleging harm inflicted by Defendant).

ii.   <u>Factors 2 & 3:  Mr. Boomer's Claims Are Meritorious as Set Forth in the Complaint</u>

The second and third *Eitel* factors also favor Mr. Boomer.  The general rule of law is that upon entry of default, "all well-pled factual allegations in the complaint, except as to damages, are taken as true."  *Facebook, Inc. v. Grunin*, 77 F. Supp. 3d 965, 969 (N.D. Cal. 2015) (citations omitted) (entering default judgment and granting a permanent injunction upon a well-pleaded complaint).  Here, Defendant's liability is presumed upon entry of default because under the well-pleaded Complaint, Mr. Boomer has shown Defendant's copyright infringement.

Copyright infringement liability requires proving: (1) plaintiff's ownership of a valid copyright, and (2) defendant's copying of constituent elements of the work that are original.  *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc*., 499 U.S. 340, 361 (1991).  Mr. Boomer's Complaint sets forth his registered copyrights for two versions of *Weight Lifting Simulator*. Compl. ¶ 10 (identifying U.S. Copyright Reg. Nos. TX0009098098 and TX0009098172).  Further, Mr. Boomer has alleged *how* Defendant has copied his copyrights in *Weight Lifting Simulator*, including by publishing its copycat game, also titled *Weight Lifting Simulator*, that blatantly copies Mr. Boomer's protectable expression, including, *inter alia*, its artwork, level design, animations, design aesthetics, game pieces, user interface and the selection and coordination of game elements, colors, and shapes. *Id.* ¶¶ 11, 13–19.  The Complaint also alleges that Defendant's close copying of Mr. Boomer's game was willful, designed to mimic the same unique game experience that Mr. Boomer created.  *Id.* ¶¶ 18–19, 29.   These facts establish liability for willful copyright infringement.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

    iii.  <u>Factor 4: The Damages Mr. Boomer Seeks are Reasonable in Relation to Defendant's Infringing Conduct</u>

  The fourth *Eitel* factor likewise favors granting default judgment for Mr. Boomer.  Under this factor, "the Court must balance the amount of money at stake in relation to the seriousness of Defendant's conduct."  *Nolan v. Calello*, No. 2:21-CV-00981-AB-RAO, 2021 WL 4621945, at *3 (C.D. Cal. July 8, 2021) (internal quotation and citation omitted) (entering a permanent injunction and awarding $200,000 in damages in a copyright case).

  Here, as permitted by the Copyright Act, Plaintiff seeks to recover his actual damages as a result of Defendant's infringement in the form of "profits of [Defendant] that are attributable to the infringement."  17 U.S.C. § 504(b).  Plaintiff has submitted documents produced by Roblox showing that Defendant's infringing game earned ▮▮▮▮ Robux, which amounts to ▮▮▮▮.  McHale Decl. Exs. 2–3, ¶ 6.  Courts have awarded similar damages awards in the default judgment context, holding that the "amount of damages plaintiff seeks is consistent with the amount that defendant profited from its [infringement], and thus, the sum of money at stake is reasonably proportionate to the harm caused to plaintiff."  *Minx Int'l, Inc. v. Rue 21 Inc.*, No. 215CV05645CASPLAX, 2017 WL 2961546, at *4 (C.D. Cal. July 10, 2017).  Mr. Boomer's damages sought are also relatively small compared to other copyright cases in which courts have entered default judgment.  *Cadence Design Sys., Inc. v. Pounce Consulting, Inc.*, No. 17-CV-04732-PJH (SK), 2019 WL 1768619, at *10 (N.D. Cal. Apr. 1, 2019) (Kim, J.), *report and recommendation adopted*, No. 17-CV-04732-PJH, 2019 WL 1767332 (N.D. Cal. Apr. 22, 2019) (entering default judgment and awarding $2,973,065 in disgorged profits); *Paramount Pictures Corp. et al. v. Does*, No. 2:21-CV-09317-MCS-SK, 2022 WL 18357778, at *3 (C.D. Cal. Dec. 9, 2022) (entering default judgment and awarding $20,700,000 in statutory damages for willful copyright infringement along with a previously entered permanent injunction); *see also Bestway Inflatables & Material Corp. v. Doe*, No. 21-CV-05119-PJH, 2022 WL 118413, at *5 (N.D. Cal. Jan. 12, 2022) ($20,000,000 default statutory damages award for trademark infringement claims). The damages Mr. Boomer seeks are therefore proportionate to the harm Defendant has caused him, favoring entry of default judgment.

1

2          iv.    The Remaining *Eitel* Factors Weigh in Favor of Default

3          The remaining *Eitel* factors also support entering default judgment.  "There is unlikely to

4   be a dispute concerning material facts in this action because [Defendant] has not answered."

5   *Bittorrent, Inc. v. Bittorrent Mktg. GMBH,* No. 12-CV-02525-BLF, 2014 WL 5773197, at *10

6   (N.D. Cal. Nov. 5, 2014).  Moreover, "it is clear that Defendant's default is not due to excusable

7   neglect, as Plaintiff has served" the relevant filings on it.  *Id.*  As to the final *Eitel* factor,

8   Defendant's failure to answer Mr. Boomer's Complaint makes resolution on the merits not only

9   impractical, but impossible.  *See PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172,

10  1177 (C.D. Cal. 2002).  "Under Fed. R. Civ. P. 55, termination of a case before hearing the merits

11  is allowed whenever a defendant fails to defend an action" and this Court should enter default

    judgment for Mr. Boomer.  *See id.*

12      **D.    Mr. Boomer is Entitled to an Award of Defendant's Profits and Post-
                Judgment Interest**

13          As discussed above, Mr. Boomer seeks damages in the form of Defendant's profits

14  attributable to its infringement—that is, the profits Defendant has earned from distributing its

15  infringing game on the Roblox platform.  Mr. Boomer has submitted proof that Defendant has

16  earned ███████ in profits from publishing its copycat game on the Roblox platform.  McHale

17  Decl. Exs. 2–3, ¶ 6.  Mr. Boomer is required to present proof only of Defendant's gross revenue,

18  and Defendant is required to prove any deductible expenses or "elements of its profits attributable

19  to factors other than the copyrighted work."  17 U.S.C. § 504(b).  Defendant has not and cannot

20  show any such deductions, given its failure to appear in this case.  The Court should therefore

21  award Mr. Boomer ███████ in damages.  *Cadence Design Sys.*, 2019 WL 1095838, at *11

22  (plaintiff submitted adequate proof to substantiate profits award of $2,973,065); *Breakdown

23  Servs., Ltd. v. Spero Stamboulis*, No. CV0908677SJOFFMX, 2010 WL 11596649, at *3 (C.D.

24  Cal. Oct. 4, 2010) (entering default judgment and awarding $192,830 in damages where "Plaintiff

25  provide[d] proof regarding the amount of actual damages and profits attributable to infringement

26  of Plaintiff's copyright").

27          Mr. Boomer is also entitled to and requests post-judgment interest.  "Post-judgment

28  interest is calculated 'from the date of the entry of the judgment, at a rate equal to the weekly

average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.'" *Columbia Pictures Indus., Inc. v. Galindo*, No. 20-CV-03129-MEMF-GJSX, 2022 WL 17094713, at *12 (C.D. Cal. Nov. 18, 2022) (28 U.S.C. § 1961(a))(entering default judgment in copyright case and awarding $51.6 million in statutory damages and post-judgment interest).

### E.      Mr. Boomer is Entitled to a Permanent Injunction

Mr. Boomer is entitled to a permanent injunction to prevent Defendant from engaging in any future infringement of his copyrights.  This Court has broad discretion to impose injunctive relief against Defendant's copyright infringement and craft the scope of an injunction to the particular facts of the case.  *See Apple, Inc. v. Psystar Corp.*, 673 F. Supp. 2d 943, 953 (N.D. Cal. 2009); 17 U.S.C. § 502(a) (authorizing a court to grant injunctions "as it may deem reasonable to prevent or restrain infringement of a copyright); *Moonbug Entm't*, No. 22-CV-03203-TLT, Dkt. No. 39. !

In deciding whether to issue a permanent injunction, courts consider whether (1) plaintiff has suffered irreparable injury, (2) "remedies available at law, such as monetary damages, are inadequate to compensate for that injury," (3) in light of "the balance of hardships between plaintiff and defendant, a remedy in equity is warranted," and (4) a permanent injunction is in the public's interest. *eBay, Inc. v. MercExchange, LLC,* 547 U.S. 388, 391 (2006). These factors necessitate the entry of a permanent injunction here.

          i.      Mr. Boomer Has Suffered Irreparable Injury for which There is No
                  Adequate Remedy of Law

Here, Defendant has infringed Mr. Boomer's copyrights in *Weight Lifting Simulator* and has the potential ability to continue doing so without the Court issuing an injunction.  Indeed, Mr. Boomer will suffer irreparable injury without a permanent injunction because "Defendant['s] failure to appear suggests that [it] will continue to infringe on Plaintiff's copyright, which will erode Plaintiff's ability to enforce its exclusive rights." *See Lions Gate Films Inc. v. Saleh*, No. 214CV06033ODWAGR, 2016 WL 6822748, at *6 (C.D. Cal. Mar. 24, 2016) (granting permanent injunction upon default judgment on copyright infringement claims) (citing *Metro-*

*Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1209)). Indeed, Defendant continued its infringement even after receiving Mr. Boomers' takedown notification, evidencing the irreparable and ongoing nature of the harm which Mr. Boomers will suffer without an injunction. Compl., ¶¶21–22, 31–32 ; *see Moonbug Entm't*, No. 22-CV-03203-TLT, Dkt. No. 39 at 17 (permanent injunction was appropriate and money damages inadequate where defendants' submission of counternotices "suggest[ed] that, absent a permanent injunction, [d]efendants will continue to file further counternotices in the future and continue to infringe [p]laintiffs' rights"); *Levi Strauss & Co. v. Neverland Online Pty Ltd*, 2020 WL 6931065, at *10 (N.D. Cal. June 8, 2020) (finding plaintiff had proven threat of ongoing infringement where defendants were not dissuaded by a cease and desist letter).

Defendant's default speaks to the need for this to Court issue injunctive relief, as its default has left Mr. Boomer with no remedy at law to remedy future harm. *Lions Gate,* 2016 WL 6822748, at *6; *Levi Strauss & Co.* 2020 WL 6931065, at *10 (explaining a defendant's default "further supports the conclusion that a permanent injunction is necessary because monetary damages will be inadequate" to protect a plaintiff's rights) (*citing Warner Bros. Home Entm't Inc. v. Jimenez*, No. CV 12-9160 FMO JEMX, 2013 WL 3397672, at *7 (C.D. Cal. July 8, 2013) ("monetary damages alone are inadequate to compensate plaintiff because defendant's refusal to participate in the action makes it impossible for plaintiff to determine defendant's actual profits, the amount of lost income as a result of defendant's conduct, or take any action to prevent further infringement)).

ii.    The Balance of Hardships Tips in Mr. Boomer's Favor

Defendant will not suffer hardship if Mr. Boomer's requested permanent injunction is entered. Rather, an injunction will only cause Defendant to have to comply with the law. *See Sennheiser Elec. Corp. v. Eichler,* 2013 WL 3811775, at *10 (C.D. Cal. July 19, 2013); *Moonbug Entm't*, 22-CV-03203-TLT, Dkt. No. 29 at 17 (potential termination of infringer's YouTube account hosting infringing videos were "consequences stem[ming] from [d]efendants being refrained from engaging in unlaw[ful] activities" and therefore "not . . . legitimate hardships"). By contrast, Mr. Boomer will face substantial hardship in the form of the irreparable harm caused

by ongoing infringement of its copyrights as described above. Accordingly, this factor favors entry of Mr. Boomer's requested injunction.

                    iii.      A Permanent Injunction Serves the Public Interest

Finally, entering a permanent injunction serves the public interest, including because the public interest is served by the Court protecting the rights of a copyright holder, Mr. Boomer. *See Lions Gate,* 2016 WL 6822748, at *6; *Cadence Design Sys., Inc.*, 2019 WL 1768619, at *10 ("the public interest is served when copyright protections are enforced"); *Moonbug Entm't*, 22-CV-03203-TLT, Dkt. No. 39 at 17–18 (permanent injunction would serve the public interest because it "would vindicate Plaintiffs' rights as a copyright and trademark owner and prevent [d]efendants from committing infringing acts").

## III.   **CONCLUSION**

For all these reasons, Mr. Boomer requests that the Court enter default judgment awarding ███████ in damages, post-judgment interest, and permanently enjoining Defendant from infringing Mr. Boomer's copyrighted works, and enter the terms of proposed order and injunction filed and lodged concurrently.

                                               Respectfully submitted,
                                               TYZ LAW GROUP PC

Dated: January 30, 2023                  */s/ Ciara McHale*
                                              Ciara McHale

                                               Attorneys for Plaintiff
                                             Christopher Boomer